IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE REGENERON PHARMACEUTICALS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Lead Case No. 1:25-cv-00459-MKV |

## STIPULATION AND [PROPOSED] ORDER REGARDING STAY OF PROCEEDINGS

WHEREAS, on January 16, 2025, plaintiff Nathan C. Silva filed a shareholder derivative action on behalf of nominal defendant Regeneron Pharmaceuticals, Inc. ("Regeneron" or the "Company") alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act"), breach of fiduciary duties, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets against defendants Leonard S. Schleifer, Bonnie L. Bassler, Michael S. Brown, N. Anthony Coles, Joseph L. Goldstein, Kathryn Guarini, Christine A. Poon, Arthur F. Ryan, David P. Schenkein, George L. Sing, Craig B. Thompson, George D. Yancopoulos, Huda Y. Zoghbi, Christopher Fenimore, and Robert Landry (the "Individual Defendants" and, together with the Company, "Defendants") captioned *Silva v. Schleifer et al*, Case No. 1:25-cv-00459-MKV (the "*Silva* Action");

WHEREAS, on January 22, 2025, plaintiff Lawrence Hollin (together with plaintiff Nathan C. Silva, "Plaintiffs")[1] filed a shareholder derivative action on behalf of nominal defendant Regeneron in this Court alleging causes of action for violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act, breach of fiduciary duties, unjust enrichment, abuse of control, gross

---

[1] Plaintiffs and Defendants, taken together, are referred to herein as the "Parties."

mismanagement, waste of corporate assets, and for contribution under Sections 10(b) and 21D of the Exchange Act against the Individual Defendants captioned *Hollin v. Schleifer et al*, Case No. 1:25-cv-00651-MKV (the "*Hollin* Action" and together with the *Silva* Action, the "Related Derivative Actions");

WHEREAS, on June 3, 2025, the Court consolidated the Related Derivative Actions, thereby forming the above-captioned action (the "Consolidated Derivative Action"), and appointed Plaintiffs' counsel, Rigrodsky Law, P.A. and The Brown Law Firm, P.C., as Co-Lead Counsel in the Consolidated Derivative Action (ECF No. 9);

WHEREAS, an earlier-filed and factually related securities class action, captioned *Radtke v. Regeneron Pharmaceuticals, Inc.*, No. 1:25-cv-00145-MKV (the "Securities Class Action"), is pending in this Court; and

WHEREAS, based upon the overlapping parties and factual allegations contained in the Securities Class Action and the Consolidated Derivative Action, and to avoid the unnecessary expenditure of judicial resources, the Parties have agreed, subject to this Court's approval, that all proceedings and deadlines in the Consolidated Derivative Action should be stayed until the date that (i) any motion to dismiss the Securities Class Action is granted with prejudice and any appeals therefrom are resolved; or (ii) any defendant files an answer in the Securities Class Action;

NOW, THEREFORE, the Parties, through their undersigned counsel, hereby agree, stipulate, and respectfully request that the Court enter an order as follows:

1.     Except as provided below, all proceedings, including any motion practice or obligation to respond to any complaint in the Consolidated Derivative Action, are hereby stayed and shall remain stayed until the date that (i) any motion to dismiss the Securities Class Action is granted with prejudice and any appeals therefrom are resolved; or (ii) any defendant files an answer

in the Securities Class Action. The Parties shall meet and confer and submit a proposed scheduling order within thirty (30) days following the lifting of the stay.

2. Notwithstanding the foregoing Paragraph 1, the stay of proceedings in this action may be earlier lifted: (i) at any time, if the parties file a written stipulation with the Court agreeing to lift the stay; or (ii) after twenty-one (21) days' written notice via email: (a) from Defendants' counsel to the undersigned counsel for Plaintiffs; or (b) from Plaintiffs' counsel to the undersigned counsel for Defendants.

3. Defendants shall promptly notify Plaintiffs should they become aware of any related shareholder derivative lawsuits (a "Related Derivative Action") or threatened derivative actions, including shareholder inspection demands or litigation demands (a "Related Demand").

4. Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the stay of this action.

5. Defendants shall invite Plaintiffs to participate in any mediation or formal settlement talks with the lead plaintiff in the Securities Class Action or shall mediate with Plaintiffs at the same time separately. Plaintiffs' ability to attend and participate in any mediation or formal settlement talks in the Securities Class Action is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks.

6. Defendants shall invite and arrange for Plaintiffs to participate in any mediation or formal settlement talks with any plaintiff(s) in any Related Derivative Action. Plaintiffs' ability to attend and participate in any mediation or formal settlement talks is contingent on their prior agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement talks. Defendants agree that that they will not enter into a stipulation of

settlement or settlement memorandum of understanding in a Related Derivative Action that will moot, or have a preclusive effect on any claim asserted in, the Consolidated Derivative Action without first notifying Plaintiffs of the mediation or formal settlement talks with the plaintiff(s) in that Related Derivative Action, and inviting Plaintiffs to participate therein.

7. Defendants shall promptly notify Plaintiffs if Defendants enter into a stipulation of settlement or settlement memorandum of understanding in the Securities Class Action or a Related Derivative Action.

8. During the pendency of the stay provided for in Paragraph 1, and subject to the prior execution of an appropriate confidentiality agreement and/or protective order, Defendants shall produce to Plaintiffs copies of any documents, requests or demands for discovery and responses thereto, written discovery, and deposition transcripts and exhibits thereto that Defendants have produced in the Securities Class Action, or produced or otherwise provided (including in connection with any pre-suit books-and-records inspection demand relevant to the allegations in this action), to plaintiff(s) in any Related Derivative Action or to any Regeneron shareholder who made a pre-suit books-and-records inspection demand regarding allegations arising out of the same common nucleus of operative fact as the allegations made in this action. Plaintiffs hereby agree that all such documents, requests or demands for discovery and responses thereto, written discovery, and deposition transcripts and exhibits thereto provided to them pursuant to this Paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint in this action if plaintiffs use or reference any such documents, written discovery, and deposition transcripts in such a future complaint, and plaintiffs shall not make any argument to the contrary in any motion or otherwise.

9. During the stay, the complaint may be amended, but Defendants shall not be required to respond to any amended complaint during the pendency of the stay.

10. By entering into this Stipulation, the parties reserve all of their respective rights, claims, and defenses in this action, and no part of this Stipulation shall be construed as a waiver of any available rights, claims or defenses.

11. Upon the lifting of the stay provided for in Paragraph 1, Defendants reserve the right to move for a further stay of proceedings if warranted, and Plaintiffs reserve the right to oppose any such a motion.

12. All hearings, conferences, and deadlines currently scheduled shall be postponed until the date and time that will be specified in the proposed scheduling order to be submitted by the parties after the stipulated stay of proceedings is lifted.

Dated: October 1, 2025

        THE BROWN LAW FIRM, P.C.

        By: */s/ Timothy W. Brown*
            Timothy W. Brown
            Saadia Hashmi
            767 Third Avenue, Suite 2501
            New York, New York 10017
            Tel: (516) 922-5427
            tbrown@thebrownlawfirm.net
            shashmi@thebrownlawfirm.net

        RIGRODSKY LAW, P.A.

        By: */s/ Timothy J. MacFall*
            Timothy J. MacFall
            Samir Aougab
            825 East Gate Boulevard, Suite 300
            Garden City, New York 11530
            Tel: (516) 683-3516
            tjm@rl-legal.com
            sa@rl-legal.com

        *Co-Lead Counsel for Plaintiffs*

| | |
|---|---|
| OF COUNSEL:<br><br>Matthew D. Stachel (*pro hac vice*)<br>PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON LLP<br>1313 North Market Street, Suite 806<br>Phone:  (302) 655-4410<br>Fax:  (302) 655-4420<br>mstachel@paulweiss.com | PAUL, WEISS, RIFKIND,<br>  WHARTON & GARRISON LLP<br><br>By:   */s/ H. Christopher Boehning*<br>      H. Christopher Boehning<br>      Audra J. Soloway<br>      1285 Avenue of the Americas<br>      New York, NY  10019-6064<br>      Phone:  (212) 373-3000<br>      Fax:  (212) 757-3990<br>      cboehning@paulweiss.com<br>      asoloway@paulweiss.com<br><br>*Attorneys for the Individual Defendants and Nominal Defendant* |

SO ORDERED

DATED:_____        _____
                                                                   The Honorable Mary Kay Vyskocil
                                                                   United States District Judge